THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mortgage Electronic Registration Systems, Inc.,
Appellant,
v.
Michael F. Parrott, Lenise M. Parrott, and Regions Bank,
Respondents.
 
 
 

Appeal From Sumter County
 Linwood S. Evans, Jr., Master in Equity

Unpublished Opinion No. 2006-UP-00402
Submitted November 1, 2006  Filed December 11, 2006   

REVERSED and REMANDED

 
 
 
Gerald M. Finkel, Sean A. OConnor, Finkel Law Firm LLC, of Charleston, for Appellant.
Michael F. Parrott, Lenise M. Parrott, of Sumter, pro se for Respondents.
 
 
 

PER CURIAM:  In this foreclosure action, Mortgage Electronic Registration Systems, Inc., appeals the master-in-equitys failure to enter a default judgment and order that a note and mortgage were void as against Michael F. Parrott, Lenise M. Parrott, and Regions Bank (Respondents).  Mortgage Electronic argues the master erred by (1) denying its motion for default judgment where the Respondents failed to appear, and (2) raising sua sponte affirmative defenses on behalf of the Respondents.   We reverse and remand, pursuant to Rule 220(b)(2), SCACR, and the following authorities[1]:
Issue 1:  As to the masters failure to enter a default judgment against the Parrots:  Rule 12(a), SCRCP ([A] defendant shall serve an answer within thirty days after service of the complaint.); Rule 55(b)(1), SCRCP ([T]he judge, upon motion or application of the party seeking default, and upon affidavit of the
amount due, shall enter judgment for that amount and costs against the party against whom judgment by default is sought, if that party has been defaulted for failure to appear. . . .).
Issue 2:  As to the master raising sua sponte affirmative defenses on behalf of the Respondents: Heins v. Heins, 344 S.C. 146, 152, 543 S.E.2d 224, 227 (Ct. App. 2001) (It is well settled that ordinarily a party may not receive
relief not contemplated in his or her pleadings.); Collins Entertainment, Inc. v. White, 363 S.C. 546, 563, 611 S.E.2d 262, 270 (Ct. App. 2005) ([T]he failure to plead an affirmative defense is deemed a waiver of the right to assert it.).
 REVERSED and REMANDED with instructions to enter default judgment against the Respondents, foreclosing the note and mortgage, and awarding appropriate damages and costs.
HEARN, C.J., and KITTREDGE and WILLIAMS, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.